**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernice MacKenzie,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank NA, et al.,<br><br>　　　　Defendants. | No. CV11-8114-PCT-DGC<br><br>**ORDER** |

On July 25, 2011, Defendants Wells Fargo Bank NA and Wells Fargo Home Mortgage Inc. moved to dismiss. Doc. 6. On July 28, Plaintiff pro se Bernice MacKenzie filed an ex parte motion for a temporary restraining order ("TRO"). Doc. 8. Plaintiff filed an amended complaint, on the same date. Doc. 10. The amendment was timely and no leave of court was required. Fed. R. Civ. P. 15(a)(1)(B). The motion to dismiss will be denied as moot because it is based on a complaint that has since been amended.

With regard to the TRO motion, to qualify for temporary injunctive relief the movant must show that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The test includes a sliding scale. If the plaintiff shows that the balance of hardships will tip sharply in her favor, she need not make a strong showing of likelihood of success on the merits – the existence of serious

questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Serious questions exist when a plaintiff shows a "'fair chance of success on the merits.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc) (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

In this case, Plaintiff's motion does not raise serious questions on most claims: it cites California law without showing California law applies; it cites Arizona law without showing that the Arizona law claims have a basis in fact; and it cites the Real Estate Settlement Procedures Act, Truth in Lending Act, Treasury Regulation Z, and the Home Owners Equity Protection Act without showing that those statutes would be a viable basis for injunctive relief. The motion also cites to the Fair Debt Collection Practices Act ("FDCPA"). To the extent the motion raises serious questions regarding Defendants' FDCPA compliance, Plaintiff has not shown that the FDCPA violations would entitle her to injunctive relief against eviction rather than merely to monetary damages, *see* 15 U.S.C. § 1692k. The motion makes other arguments regarding the legal capacity of Mortgage Electronic Registration Systems, Inc. to foreclose against Plaintiff's property, arguments that have been largely rejected by this Court. *E.g., Silving v. Wells Fargo Bank, NA*, __ F. Supp. 2d ___, 2011 WL 2669246 (D. Ariz. July 7, 2011). Because Plaintiff has failed to show she is entitled to emergency injunctive relief, the motion for a TRO will be denied.

**IT IS ORDERED:**

1. The motion to dismiss (Doc. 6) is **denied as moot**.
2. The TRO motion (Doc. 8) is **denied**.

Dated this 10th day of August, 2011.

_____
David G. Campbell
United States District Judge